

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RALPH M. SMITH,

    Plaintiff,

v.                                         Civil Action No. **3:13CV533**

MAJOR PEGRAM,

    Defendant.

## MEMORANDUM OPINION

Ralph M. Smith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Smith contends that Defendant Pegram subjected him to conditions of confinement that violated Smith's rights under the Eighth Amendment.[2] Defendant Pegram has filed a Motion to Dismiss. For the reasons stated below, the Court will DENY the Motion to Dismiss.

### I.    STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

The sum of Smith's allegations is as follows:[3]

> Defendant, Major Pegram meaningfully denied me access to the showers and cleaning supplies. I was subject to filthy cell conditions for long periods of time. My water was turned off, and I could not wash my hands before eating. Deprivation of basic sanitation is a violation of my (8th) Eighth Amendment rights of the Constitution, which prohibits cruel and unusual punishment. I could not brush my teeth for long periods of time, and I'm sick because of these violations. There is [a] record of this complaint 8–23–2012, to the 6th Judicial District, Region #3 Magistrate, Mr. Robert C. Wrenn. No offender shall be subject to personal injury, and unsanitary conditions. These harsh conditions has made me very sick over a few years. I cannot possibly comply with hygiene standards, because of these administrative sactions [sic], which is [a] violation of my rights to a safe environment.

(Compl. 5, ECF No. 1.) Smith demands monetary damages. (*Id.* at 6.)

## III. PEGRAM'S ARGUMENTS FOR DISMISSAL

Pegram argues that the Court should dismiss the Complaint against her because Smith: (1) fails to make state particularized allegations with respect to Pegram; and (2) fails to state an Eighth Amendment claim against Pegram. As explained below, Pegram's arguments are not persuasive.[4]

---

[3] The Court corrects the capitalization in quotations from Smith's Complaint.

[4] Pegram suggests that in assessing whether Smith has adequately stated a claim for relief the Court could utilize some allegations Smith made in a document titled "Sworn Statement" (ECF No. 10) that Smith filed on May 1, 2014. (*See* Mem. Supp. Mot. Dismiss 2, ECF No. 14.) "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, on a motion to dismiss." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citing *Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011)). Because Pegram fails to direct the Court to authority that would allow it to consider the Sworn Statement, the Court's Rule 12(b)(6) analysis is limited to the allegations set forth in the Complaint.

3

Initially, Pegram contends that the Complaint should be dismissed against her because Smith failed to allege a "'specific act or omission'" by her which caused an injury to Smith. (Mem. Supp. Mot. Dismiss 4 (quoting *Alley v. Angelone*, 962 F. Supp. 827, 837 (E.D. Va. 1997)). This is not so. In his Complaint, Smith alleges that Major Pegram was personally responsible for denying Smith access to showers and cleaning supplies. (Compl. 5.) Further, Smith asserts that his prolonged exposure to unsanitary living conditions and the lack of showers and cleaning supplies made him "very sick." (*Id.*)

Next, Pegram contends that Smith's allegations "are too vague to state a claim against anyone." (Mem. Supp. Mot. Dismiss 6.) Specifically, Pegram complains that Smith fails to allege "when or for how long [he] was denied the ability to engage in these various hygienic activities" and fails to establish that Smith suffered the requisite "serious physical or emotional injury." (*Id.*)

To make out an Eighth Amendment claim, an inmate must allege facts that indicate "(1) that objectively the deprivation suffered or harm inflicted was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Here, Pegram only challenges the objective component of Smith's Eighth Amendment claim. Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

4

Furthermore, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth," or sanitary or hygienic conditions. *Wilson*, 501 U.S. at 304 (citations omitted); *see Williams v. Griffin*, 952 F.2d 820, 825 (4th Cir. 1991). Here, Smith alleges several mutually enforcing conditions: a filthy cell, lack of access to water in his cell, and limited access to showers. Although Smith fails to provide the exact dates of his exposure to the above conditions, taken in the light most favorable to Smith, his exposure appears to have lasted several months.[5] Furthermore, Smith contends that the lack of adequate means to care for his hygiene made him "very sick." (Compl. 5); *Goodrick v. Clegg*, No. 99–35054, 2000 WL 6059, at *1 (9th Cir. Jan. 4, 2000) (concluding that inmate's assertion that he was fed road kill, which "made him very sick," stated a constitutional violation); *cf. Braswell v. Corr. Corp of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (concluding that "a claim that a prisoner has languished in a filthy and unsanitary cell for nine consecutive months asserts more than a de minimis physical injury"). While admittedly short on specific facts, the allegations of Smith's Complaint are sufficient to support the objective component of an Eighth Amendment claim. *See Webb v. Deboo*, 423 F. App'x 299, 301 (4th Cir. 2011) (reversing district court's dismissal because inmate's complaint "properly states a claim that his prison's overcrowding and lack of sanitation are exposing him to a substantial risk of harm"); *Futrell v. Hardy*, No. 90–6038, 1990 WL 135865, at *2 (4th Cir. Sept. 21, 1990) ("Futrell's allegations of overcrowding, infrequent showers, plumbing and sanitary facilities that are 'outmoded, inadequate, and frequently inoperable,' and plumbing that is insufficient even when operable do state claims . . . . (citing *Sweet v. S.C. Dep't of Corr.*, 529

---

[5] Smith's Complaint indicates that he was housed at the Southside Regional Jail from at least August of 2012 until March of 2013. (Compl. 4, 6.)

6

F.2d 854 (4th Cir. 1975))). Accordingly, Pegram's Motion to Dismiss (ECF No. 13) will be DENIED. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-16-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge